IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v.  § | 2:04-CR-0039 (02) |
| § | |
| CHANTEL YEARWOOD § | |

# REPORT AND RECOMMENDATION TO DENY MOTION
# TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Defendant CHANTEL YEARWOOD has filed with this Court a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.  By her motion, petitioner alleges violations of her constitutional rights under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  Defendant also appears to rely on *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which extended *Blakely* to the United States Sentencing Guidelines.  Defendant also alleges her sentence should be vacated because she was "held accountable for drug amounts of which she neither admitted to, nor had any knowledge of."[1] In a supplemental brief filed July 31, 2006, defendant contends her conviction should be reversed and her sentence vacated because she was denied effective assistance of trial counsel in that counsel failed to:

1. file objections to the undersigned's Report and Recommendation to deny a motion to suppress evidence;
2. review defendant's factual resume or plea papers;
3. negotiate defendant's plea;

---

[1] Defendant's motion to vacate appears to be a lengthy "canned" motion, arguing several issues for which there is no factual support, as well as other issues which are not applicable to the facts of this case.

4.  appear at the plea hearing; and
5.  effectively represent defendant at the sentencing hearing.

# I.
# DISCUSSION

### *Apprendi* and *Blakely*

Defendant appears to argue her sentence violates the United States Constitution under the United States Supreme Court's holding in *Apprendi*. This claim is not cognizable because defendant did not raise this issue on direct appeal, and has failed to show adequate cause for her failure to raise the issue on direct appeal. *See, e.g., United States v. Shaid,* 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (defendant may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the error). *See United States v. Cervantes*, 132 F.3d 1106 (5th Cir. 1998) (Constitutional questions **may not** be raised for the first time on collateral review if they were not raised on direct appeal without a showing of cause and prejudice). Even if defendant was not barred from presenting this claim, her claim is without merit.

In *Apprendi*, the Supreme Court held the Constitution requires any fact which increases the penalty for a crime *beyond the prescribed statutory maximum*, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. *Apprendi*, 530 U.S. at 490, 120 S.Ct. 2362-2363. Defendant argues "sound reasoning" requires the jury-submission requirement of *Apprendi* to be applied when any factor that places the defendant in a position to receive a greater or enhanced punishment is established by the judge at the time of sentencing using a preponderance standard rather than a beyond reasonable doubt standard. Specifically, defendant argues the jury-submission requirement of *Apprendi* should apply to every fact that is, by law, a

basis for imposing or increasing punishment.  Although defendant maintains that even though a sentencing factor "may not violate the artificial ceiling of the 'statutory maximum,' [] as a practical matter, they [such factors] increase the true maximum faced by the Defendant under the application of the Sentencing Guidelines."  Defendant's argument, however, is not novel and the plain language of *Apprendi* is that the case is applicable only to cases where the penalty for the crime *exceeded the prescribed statutory maximum* due to facts other than a prior conviction.  The United States Code governs the maximum, as well as minimum, sentence for criminal offenses.  Here, defendant pled guilty to and was convicted of possession with intent to distribute 17.744 kilograms of a mixture containing PCP in violation of 21 U.S.C. 846 (21 U.S.C. § 841(a)(1)).  Pursuant to 21 U.S.C. § 841(b)((1)(A)(iv), the range of punishment for an offense involving 100 grams or more of pure PCP or 1 kilogram or more of a mixture or substance containing PCP, is a term of imprisonment from ten (10) years to life.  The trial court assessed defendant's punishment at 188 months, a length which is clearly *under the statutory maximum* of life imprisonment.  *Apprendi* is not applicable to this case and no *Apprendi* issue is presented.

Defendant next argues her sentence is in violation of the holding in *Blakely v. Washington*. *Blakely* concerned a state court criminal case in which the defendant pled guilty to an offense which carried a "standard range" of 49-53 months imprisonment.  The state's sentencing procedure, however, allowed a state judge to impose a sentence *above the offense's maximum punishment* upon the judge finding aggravating factors justified such upward departure.  The state judge in *Blakely* determined such factors existed and sentenced the defendant to more than three (3) years *above the maximum sentence* established by the standard range.  The Court found the facts supporting the state judge's finding were neither admitted by petitioner nor found by a jury.  Noting the jury's verdict alone did not authorize the sentence, the Supreme Court found the state's sentencing

procedure did not comply with the Sixth Amendment right to trial by jury.

Defendant YEARWOOD's sentence, however, did not exceed either the maximum guideline range of punishment of 235 months or the statutory maximum sentence of life imprisonment which are authorized for the offense of possession with intent to distribute 100 grams or more of pure PCP or 1 kilogram or more of a mixture or substance containing PCP. Unlike *Blakely*, the District Judge did not make any additional determination of facts beyond those to which defendant admitted. In her plea, defendant specifically admitted the quantity of PCP alleged in the indictment. Defendant's *Blakely* claim is without merit.

### *Booker*

Defendant also appears to allege the District Judge's mandatory application of the Guidelines in determining her sentence violated her 6th Amendment rights based upon the United States Supreme Court's January 12, 2005 decision in *United States v. Booker*. In *Booker*, the Supreme Court extended the rules announced in the prior decisions of *Apprendi* and *Blakely* to the federal Sentencing Guidelines. Specifically, *Booker* held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict, must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244.

Defendant raised this issue on direct appeal. The Fifth Circuit, while noting application of the Guidelines as mandatory is plain or obvious error after *Booker*, held defendant could not show the district court's error affected her substantial rights because the record did not indicate that the district court would have imposed a lower sentence under an advisory, rather than a mandatory, Guidelines scheme. In essence, defendant did not show she had been prejudiced. Defendant

attempts to reurge this same ground which has already been resolved by the Fifth Circuit. This Court will not revisit the issue. *See United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("[I]ssues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."); *United States v. Rocha*, 109 F.3d 225, 229-30 (5th Cir. 1997).

<u>Drug Quantity</u>

Defendant also alleges her sentence should be vacated because she was "held accountable for drug amounts of which she neither admitted to, nor had any knowledge of." In the Factual Resume defendant signed on August 12, 2004, defendant acknowledged possessing a mixture of 17.744 kilograms of PCP, which resulted in 326 grams of pure PCP. At the plea hearing, defendant admitted, under oath, to possessing the above amount of PCP. The quantity of drugs possessed was established by defendant's admissions. No jury was necessary to establish the quantity of drugs. As the quantity was established by defendant's admissions, any purported "Rule of Lenity" requiring the defendant be sentenced "to the lowest level associated with his crime" would be inapplicable. This ground should be denied.

<u>Effectiveness of Trial Counsel</u>

Defendant argues, in her supplemental brief filed July 31, 2006, she was denied effective assistance of trial counsel because counsel failed to:

1. file objections to the undersigned's Report and Recommendation to deny a motion to suppress evidence;
2. review defendant's factual resume or plea papers;
3. negotiate defendant's plea;
4. appear at the plea hearing; and
5. effectively represent defendant at the sentencing hearing.

Ordinarily, in order to prevail on a claim that he was denied his constitutional right to the

effective assistance of counsel, defendant must satisfy two requirements. "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness. Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The question of whether a defendant has been subjected to ineffective assistance of counsel is a mixed question of fact and law. *United States v. Rusmisel*, 716 F.2d 301, 304 (5th Cir. 1983).

A showing that his attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct. *Id*. at 688-690. As for the issue of prejudice, defendant must do more than simply allege prejudice, he must "affirmatively prove" prejudice. *See Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.), *cert. denied*, 476 U.S. 1143 (1986) (*Strickland*, 466 U.S. at 693).

Here, even if defendant can establish counsel's performance was deficient for the reasons enumerated,[2] defendant can not establish prejudice. Defendant has not asserted or demonstrated a reasonable probability that, but for counsel's purported errors, the result of the proceeding would have been different. The undersigned notes objections to the Report and Recommendation to deny the motion to suppress were, in fact, filed, albeit by local counsel, a well qualified criminal defense attorney. Defendant does not speculate as to what further objections to the Report and Recommendation could and/or should have been filed by her counsel of record, nor does defendant

---

[2]Defendant attached three (3) letters from local counsel to counsel of record wherein local counsel revealed his disagreement with counsel of record's handling of defendant's case.

argue such objections would have been sustained. In fact, the objections filed by local counsel were overruled. Defendant makes no argument that any further objections by counsel of record, if likewise overruled, would have preserved additional issues for appeal – an appeal which affirmed defendant's conviction. Defendant also does not speculate as to what a further review of the factual resume or plea papers would have disclosed to counsel. Defendant does not identify any specific portion of those documents that were objectionable, or argue any such objections would have been sustained. Defendant was represented by local counsel, Mr. Warren Clark, at her plea hearing. Defendant does not claim such representation was deficient. Instead, she appears to merely argue the absence of her lead counsel prejudiced her. Defendant has not shown any prejudice with regard to this claim. Furthermore, defendant has not suggested what benefit further negotiating by counsel of her plea bargain would have achieved. Federal offenses and convictions are governed by the United States Sentencing Guidelines. There is very little plea "negotiating" that can take place. Lastly, defendant does not identify what additional steps or actions counsel should have taken at the sentencing hearing or how the failure to take such actions prejudiced defendant. Defendant has not demonstrated any prejudice as required to establish ineffective assistance of counsel. Defendant's claim that she need not show prejudice to establish ineffective assistance of counsel is without merit. Defendant's claims of ineffective assistance of counsel should be denied.

II.
RECOMMENDATION

Based upon all of the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by defendant CHANTAL YEARWOOD be, in all things, DENIED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 9th day of November 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).